IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | )   **ORDER DENYING DEFENDANT'S** |
| | )   **MOTION TO REDUCE SENTENCE** |
| vs. | ) |
| | ) |
| Hunter Brian Hanson, | )   Case No. 1:19-cr-089 |
| | ) |
| Defendant. | ) |

Before the Court is the Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2), filed on February 8, 2024. See Doc. No. 78. The Government filed a response in opposition to the motion on March 6, 2024. See Doc. No. 80. The Defendant filed a reply brief on March 27, 2024. See Doc. No. 84. For the reasons set forth below, the motion is denied.

**I.    BACKGROUND**

On June 7, 2019, the Defendant was charged in an information with wire fraud and money laundering related to a grain buying scheme which defrauded approximately 60 farmers, elevators, and grain brokers out of approximately $11,405,134.72. See Doc. No. 1. On July 30, 2019, the Defendant pled guilty to both of the charged offenses pursuant to a written plea agreement. See Doc. No. 38. The Presentence Investigation Report calculated a total offense level of 28 with a criminal history category of I, resulting in an advisory Sentencing Guideline range of 78 - 97 months. See Doc. No. 44, ¶ 78. The Defendants had a criminal history score of zero.

At sentencing on November 12, 2019, the Court adopted the Presentence Investigation Report without change. The Court sentenced the Defendant to 97-months of imprisonment and 3 years of supervised release. See Doc. No. 61.

On February 8, 2024, the Defendant filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 contending he was a zero point offender under Part B of Amendment 821 and thus he should receive a sentence reduction. See Doc. No. 78. The Government filed a response in opposition to the motion contending Amendment 821 did not alter the Defendant's advisory Sentencing Guideline range and thus no sentence reduction is warranted. See Doc. No. 80. The Defendant is serving the remainder of his sentence at a residential reentry center in Minneapolis, Minnesota which apparently has placed him on home confinement. He has a presumptive release date of July 16, 2025.

## II.     LEGAL DISCUSSION

Under the federal sentencing scheme, sentence modifications are available under very limited circumstances. One circumstance in which a sentence reduction is permitted is when the applicable Sentencing Guideline range has been lowered by the Sentencing Commission and it makes the amendment retroactive. See 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) of Title 18 of the United States Code provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable Sentencing Commission policy statement provides as follows:

(a)     AUTHORITY.--

   (1)     IN GENERAL.--In a case in which a defendant is serving a term of

        imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

    (2)    EXCLUSIONS.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–

        (A)    none of the amendments listed in subsection (d) is applicable to the defendant; or

        (B)    an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

    (3)    LIMITATION.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b)    DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT.--

    (1)    IN GENERAL--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

    (2)    LIMITATION AND PROHIBITION ON EXTENT OF REDUCTION.--

        (A)    LIMITATION.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

      (B)    EXCEPTION FOR SUBSTANTIAL ASSISTANCE.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

      (C)    PROHIBITION.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c)    CASES INVOLVING MANDATORY MINIMUM SENTENCES AND SUBSTANTIAL ASSISTANCE.--If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

(d)    COVERED AMENDMENTS.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

(e)    SPECIAL INSTRUCTIONS.--

      (1)    The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.

      (2)    The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.

U.S.S.G. 1B1.10.

In *Dillon v. United States*, the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. 560 U.S. 817 (2010).

The Supreme Court instructed that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission" and Section 1B1.10 instructs the district court to "substitute the amended Guidelines range while leav[ing] all other guideline application decisions unaffected." Id. at 821 (internal quotations omitted). The Supreme Court set forth a two-step approach to apply:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Dillon, 560 U.S. at 827.

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines took effect, pursuant to the Sentencing Commission's authority under 28 U.S.C. § 994(o). The amendment applies retroactively. Amendment 821 has three parts and several subparts: Part A pertains to "Status

Points;" Part B pertains to "Zero-Point Offenders;" and Part C pertains to "Simple Possession of Marihuana Offenses."

In Part B Subpart 1 of Amendment 821 to the United States Sentencing Guidelines, the United States Sentencing Commission added what now appears in Section 4C1.1, providing a 2- offense-level reduction for certain offenders who have zero criminal history points. The new provision provides as follows:

**Adjustment for Certain Zero-Point Offenders**

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

>    decrease the offense level determined under Chapters Two and Three by 2 levels

U.S.S.G. § 4C1.1(a).

There is no right to counsel in Section 3582(c) proceedings. <u>United States v. Brown</u>, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See <u>Dillon</u>, 560 U.S. at 827-28 (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

The Defendant in this case has zero criminal history points. To qualify for a 2-level offense level reduction under Part B of Amendment 821, a defendant with zero criminal history points must satisfy <u>all</u> ten of the qualifying criteria listed in U.S.S.G. § 4C1.1. The Government contends the Defendant cannot satisfy this requirement because he does not meet the criterion listed in U.S.S.G. § 4C1.1(a)(6), that "the defendant did not personally cause substantial financial hardship." The Defendant contends he did not cause substantial financial hardship because he did not receive a enhancement for substantial financial hardship under U.S.S.G. § 2B1.1(b)(2)(A)(iii). Rather, the Defendant received an 2 point enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i) for an offense involving more than 10 victims. Section 2B1.1 provides as follows:

>    (2)   (Apply the greatest) If the offense—
>
>    (A)   (i) involved 10 or more victims; (ii) was committed through mass-marketing; or (iii) resulted in substantial financial hardship to one or more victims, increase by 2 levels;
>
>    (B)   resulted in substantial financial hardship to five or more victims, increase by 4 levels; or
>
>    (C)   resulted in substantial financial hardship to 25 or more victims, increase by 6 levels.

U.S.S.G. § 2B1.1(b)(2).

The Court rejects the contention that there can be no finding of substantial financial hardship absent an enhancement under U.S.S.G. § 2B1.1(2)(A)(iii). Application Note 1 to U.S.S.G. § 4C1.1 provides "[t] application of subsection (a)(6) is to be determined independently of the application of subsection (b)(2) of §2B1.1." Section 4C1.1(a)(6) does not itself limit its application to cases where the enhancement under Section 2B1.1(2)(iii) applied as it does in subsection (2), (8), (9), and (10). What is required is that the Court consider the non-exhaustive set of factors set forth in Application Note 4(F) of the Commentary to §2B1.1. U.S.S.G. § 4C1.1(b)(3). Application Note 4(F) to USSG § 2B1.1, provides as follows:

> **Substantial Financial Hardship**.—In determining whether the offense resulted in substantial financial hardship to a victim, the court shall consider, among other factors, whether the offense resulted in the    victim—
>
> (i) becoming insolvent;
>
> (ii) filing for bankruptcy under the Bankruptcy Code (title 11, UnitedStates Code);
>
> (iii) suffering substantial loss of a retirement, education, or other savings or investment fund;
>
> (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans;
>
> (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and
>
> (vi) suffering substantial harm to his or her ability to obtain credit.

U.S.S.G. § 2B1.1, comment. (n.4(F)). When the Court considers these non-exhaustive factors in light of the entire record, it easily concludes the financial hardship was substantial. The losses in this case went far beyond what is contemplated in Application Note 4(F).

The PSR found "[p]ursuant to USSG §2B1.1(b)(2)(A), two levels are added because the offense involved more than 10 victims. In this case, approximately 60 victims were financially

8

impacted by the defendant's conduct. See Doc. No. 44, ¶ 19. The PSR also detailed how the Defendant's more than 60 victims lost more than $11 million to the Defendant's scheme. The Court ordered $11,103,509.19 in restitution to the victim's of the fraud. See Doc. No. 61, p. 8. An $11 million loss is clearly substantial. The record clearly shows the Defendant caused substantial, long-term, financial hardship to his victims. The victim impact statements are telling. See Doc. No. 44-1. It would stand common sense on its head to find the Defendant did not cause his many victims substantial financial hardship. This is not a close question. The fraud was immense. When family farmers lose tens and hundreds of thousands of dollars that they will never recoup the loss is gut-wrenching and intergenerational.

One victim family included three generations of farmers who suffered $259,000 of loss due to the Defendant's fraud. See Doc. 44-1 at 1–10. The grandfather noted that his grandson—a sixth-generation farmer since the family farms were homesteaded in 1899—likely would have faced bankruptcy but for family support. See Doc. 44-1 at 1–2. The father also noted "[t]his fraud would have broken my son if not for the family pulling together to help him." The son/grandson, in his first year of farming, lost $67,990, to Hanson's fraud. See Doc. 44-1 at 1, 4. The father said, "We will never recover from these losses" and Hanson's fraud "will be a permanent scar for our family operation and our personal lives." See Doc. 44-1 at 4. The father expressed concern at losing rental land because a portion of his loss was owed to the landowner as rental payment, and the father also was unable to pay a debt owed to Farm Credit Services due to Hanson's fraud. See Doc. 44-1 at 5–6.

Most of the victims in this case will never recover from the financial setback they have suffered. The loss was heart-breaking, substantial, and clear. To suggest otherwise defies common sense. Because the Defendant caused substantial financial hardship to his victims he cannot satisfy subsection (a)(6) of Section 4C1.1(a). Thus, the Defendant is ineligible for a sentence reduction under

y
z

Part B of Amendment 821.

Having determined the Defendant is not eligible for a sentence reduction, the Court need not address the Section 3553(a) factors. The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate he is entitled to a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### III. CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 78) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of May, 2024.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

Part B of Amendment 821.

Having determined the Defendant is not eligible for a sentence reduction, the Court need not address the Section 3553(a) factors. The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate he is entitled to a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### III. CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 78) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of May, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court